**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division**

**KRISTEN BRYANT,**

> **Plaintiff,**

> **v.**                                                    **Civil Action No. 3:22-cv-374**

**WELLS FARGO BANK, N.A.,**

> **Defendant.**

**NOTICE OF REMOVAL**

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA, HUNTINGTON DIVISION:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wells Fargo Bank, N.A.

("Wells Fargo"), by counsel, hereby removes this action from the Circuit Court of Cabell County,

West Virginia, to the United States District Court for the Southern District of West Virginia,

Huntington Division.  Removal is proper because this Court has subject matter jurisdiction over

the action by way of diversity jurisdiction.  *See* 28 U.S.C. § 1332.  Accordingly, Wells Fargo

removes this action to this Court.  In support of its Notice of Removal, Wells Fargo states the

following:

**I.      Background**

1.       On or about July 18, 2022, Plaintiff Kristen Bryant ("Plaintiff") filed a

complaint (the "Complaint") against Wells Fargo in the Circuit Court of Cabell County, West

Virginia, Civil Action No. 22-C-245 (the "State Court Civil Action").

2.       The Complaint involves claims arising from "telephone calls placed to the

Plaintiff after [Wells Fargo] received written notification that the Plaintiff was represented by an

attorney and was provided with the attorney's name and telephone number." Compl. ¶ 11.  Copies

of the Complaint and Return of Service are attached hereto as **Exhibit A**.

3.        Wells Fargo was served with the Complaint on August 2, 2022.

4.        This Notice of Removal is being filed within thirty days of Wells Fargo being

served a copy of the Complaint.  Accordingly, the action is removable pursuant to 28 U.S.C. §

1446(b)(3).

5.        In the Complaint, Plaintiff asserts claims for: (1) violations of the West Virginia

Consumer Credit and Protection Act, W. Va. Code § 46A-2-101, *et seq*. ("WVCCPA"); (2)

violations of the West Virginia Computer Crimes and Abuse Act, W. Va. Code § 61-3C-14a(a)(2);

(3) violation of the Telephone Harassment Statute, W. Va. Code § 61-8-16(a)(3); (4) common law

negligence; (5) intentional infliction of emotional distress; and (6) invasion of privacy.

6.        Wells Fargo denies the allegations in the Complaint, denies that Plaintiff has

stated any claim for which relief may be granted, and denies that Plaintiff has been damaged in

any manner.  Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are

valid, Plaintiff could have originally filed the Complaint in this Court under diversity jurisdiction

because the parties are completely diverse and the amount in controversy exceeds $75,000.

Removal of this entire case is therefore proper under 28 U.S.C. §§ 1332, and 1441.

## II.        Diversity Jurisdiction

7.        Pursuant to 28 U.S.C. §§ 1332, 1348, 1367, 1441, and 1446, and this Court's

diversity jurisdiction, removal of Plaintiff's State Court Civil Action to this Court is appropriate.

8.        This Court has original diversity jurisdiction over Plaintiff's State Court Civil

Action under 28 U.S.C. § 1332.

9.      Section 1332 provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

10.      Here, both the requirements for original diversity jurisdiction under 28 U.S.C. § 1332 are satisfied.

A.      **Diversity of Citizenship**

11.      Plaintiff is, and at the time of the filing of the Complaint was, a citizen of West Virginia as he is a resident of Cabell County, West Virginia.  (*See* Comp. ¶ 1).  Accordingly, for purposes of determining diversity of citizenship, Plaintiff is a citizen of West Virginia.

12.      Wells Fargo is a national banking association organized under the laws of the United States.  Under 28 U.S.C. § 1348, "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."  The Supreme Court of the United States has held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."  *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 327 (2006); *accord Wachovia Bank, N.A. v. Preston Lake Homes, LLC*, No. 5:09-cv-00112, 2010 U.S. Dist. LEXIS 45675, at *2 n.1 (W.D. Va. 2010).  In *Schmidt*, the Court found § 1348 did not encompass "every State in which [the association] conducts business or is otherwise amenable to personal jurisdiction."  546 U.S. at 318.

13.      Wells Fargo's main office is in South Dakota, as designated by its articles of association.  Therefore, Wells Fargo properly is considered a South Dakota citizen.  *See* Office of Comptroller of Currency, *National Banks Active as of 7/31/2022*, *available at*

https://www.occ.gov/topics/charters-and-licensing/financial-institution-lists/national-by-name.pdf.

14.      Wells Fargo is not a citizen of West Virginia for diversity jurisdiction purposes.

15.      Accordingly, there is complete diversity between Plaintiff and Wells Fargo.

**B.      Jurisdictional Amount**

16.      Diversity jurisdiction requires an amount in controversy of greater than $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

17.      "'[T]he test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'"  *Rehbein v. CitiMortgage, Inc.*, 937 F. Supp. 2d 753, 758 (E.D. Va. 2013) (quoting *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002)).

18.      In the present action, Plaintiff demands monetary relief in the form of actual damages, general damages, punitive damages, and statutory penalties pursuant to section 46A-5-101 and -106, plus attorneys' fees and interest.

19.      The amount in controversy is met.  It is unclear precisely how many alleged violations of the WVCCPA Plaintiff is claiming against Wells Fargo.  However, according to Wells Fargo's records, there are 18 attempts at contact after the date on which Plaintiff allegedly provided notice of attorney representation.[1]

20.      The statutory penalty under the WVCCPA is approximately $1,200.00 per violation adjusted for inflation.  *See* W. Va. Code § 46A-5-101.  Wells Fargo denies that any contact or attempted contact with Plaintiff after November 5, 2021 violated the WVCCPA.

---

[1] Plaintiff does not specify the precise date that notice of attorney representation was allegedly provided to Wells Fargo within her Complaint.  However, prior to filing her Complaint, Plaintiff's counsel advised Wells Fargo that notice was provided on November 5, 2021.

Nevertheless, assuming for jurisdictional purposes that each contact or attempted contact was a violation, the statutory penalty under Plaintiff's WVCCPA claim is approximately $21,600.

21.     Plaintiff also requests attorneys' fees and costs pursuant to W. Va. Code § 46A-5-104.  The Fourth Circuit has held that when a state statute (like the WVCCPA) provides for the recovery of attorneys' fees, they may be included in calculating the amount-in-controversy. *Bartnikowski v. NVR, Inc.*, 307 Fed. Appx. 730, 733 (4th Cir. 2009); *see also Waters v. Electrolux Home Prods., Inc.*, 2015 U.S. Dist. LEXIS 54728, at *20-21 (N.D. W.Va. April 27, 2015) (finding $5 million CAFA requirement met regardless of consideration of attorneys' fees but considering inclusion of attorneys' fees as an alternative finding and holding that attorneys' fees should be included in amount-in-controversy calculation under specific WVCCPA allegations).  Hence, the court may consider whether an award of attorneys' fees under the WVCCPA could make up a portion of the amount-in-controversy.

22.     Potential attorneys' fees awarded to plaintiffs in consumer protection-related cases can be great, easily surpassing $75,000 in a given case.  *See e.g.*, *Citigroup, Inc. v. Shui*, No. CIV.A. 08-0727, 2009 WL 2567550, at *3 (E.D. Va. Aug. 18, 2009) (awarding $57,894.50 in attorneys' fees for individual plaintiff's claim under the Anticybersquatting Consumer Protection Act.); *JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc.*, 28 F. App'x 207, 209-10 (4th Cir. 2002) (affirming an award of $314,898.69 in attorneys' fees and costs in suit involving false and deceptive advertising).

23.     Further, Plaintiff seeks unspecified actual damages for the five claims pleaded against Wells Fargo, in addition to her claim under the WVCCPA.

24.     Finally, Plaintiff seeks punitive damages. "In addition to compensatory and statutory damages, punitive damages may be included for the purpose of determining the amount

5

in controversy." *McGraw v. Discover Fin. Servs., Inc*., 2005 U.S. Dist. LEXIS 37111, *14-15,

2005 WL 1785259 (S.D.W. Va. 2005) (citing 14B Charles Alan Wright & Arthur R. Miller,

Federal Practice and Procedure § 3702 (3d ed. 1998) ("A long line of decisions clearly establishes

the proposition that exemplary or punitive damages, when they are permitted to be awarded under

the governing substantive law for the claim being asserted by the plaintiff, can be included in

determining whether the jurisdictional amount in controversy requirement has been met."). The

issue of whether a plaintiff has pled in good faith a claim for punitive damages is dependent upon

his stated causes of action. *Id.* In determining the amount of punitive damages, the U.S. Supreme

Court in *State Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408, 123 S. Ct. 1513,

155 L. Ed. 2d 585 (2003), examined the relationship of punitive damages to compensatory

damages and suggested in dicta that single digit ratios are presumptively valid. *Id.* at 1524.

26.       Thus, assuming the allegations in the Complaint are true, which Wells Fargo

does solely for the limited purpose of removal, when added together, the potential actual damages,

potential statutory penalties, punitive damages, and the statutory entitlement to attorneys' fees, can

reasonably be expected to exceed $75,000.00. Accordingly, Wells Fargo has established that the

amount-in-controversy is satisfied pursuant to 28 U.S.C. §§ 1332(d)(2) & 1332(d)(6).

### III.    VENUE

26.       Venue is proper in this Court because this district and division encompass the

Circuit Court for Cabell County, West Virginia, the forum from which this case has been removed.

### IV.    NOTICE

27.       Concurrent with the filing of this Notice of Removal, Wells Fargo will file a

Notice of Filing Notice of Removal with the Clerk of the Circuit Court of Cabell County, West

Virginia and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing of Notice of Removal, excluding exhibits, is attached hereto as **Exhibit B**.

28.      Wells Fargo reserves the right to amend its Notice of Removal and/or oppose any amendment of Plaintiff's Complaint that would add any non-diverse defendant(s), destroying this Court's diversity jurisdiction.

29.      If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and argument in support of their position that this case is removable.

## V.      CONCLUSION

WHEREFORE, Defendant Wells Fargo Bank, N.A., hereby removes this action to this Court and seek all other relief as this Court deems equitable and just.


Dated: September 1, 2022                                      Respectfully submitted,

                                                             **WELLS FARGO BANK, N.A.**

                                                             By:   */s/ Jonathan M. Kenney*
                                                                          Of Counsel


Jonathan M. Kenney (WV Bar No. 12458)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7529
Facsimile: (757) 687-7510
E-mail: jonathan.kenney@troutman.com
*Counsel for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September, 2022, I electronically filed the foregoing

*Notice of Removal* with the Clerk of the Court using the CM/ECF System.  I further certify that a

true and correct copy of the foregoing was also served via electronic mail to:

**Counsel for Plaintiff**
Benjamin Sheridan
Megan A. Patrick
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
bsheridan@kswvlaw.com
mpatrick@kswvlaw.com


*/s/ Jonathan M. Kenney*
Jonathan M. Kenney (WV Bar No. 12458)