# EXHIBIT A



# Notice of Service of Process

null / ALL
Transmittal Number: 25326341
Date Processed: 08/04/2022

| | |
|---|---|
| **Primary Contact:** | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Entity:** | Wells Fargo Bank, National Association<br>Entity ID Number  2013649 |
| **Entity Served:** | Wells Fargo Bank, N.A. |
| **Title of Action:** | Kristen Bryant vs. Wells Fargo Bank, N.A |
| **Matter Name/ID:** | Kristen Bryant vs. Wells Fargo Bank, N.A (12647958) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Cabell County Circuit Court, WV |
| **Case/Reference No:** | 22-C-245 |
| **Jurisdiction Served:** | South Dakota |
| **Date Served on CSC:** | 08/02/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | WFB NA |
| **How Served:** | Client Direct |
| Sender Information: | Klein & Sheridan, LC<br>304-562-7111 |
| **Client Requested Information:** | Matter Management User Groups: [Service of Process]<br>Routing Rules (CSC): R1663<br>Classification: Standard |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

WELLS FARGO CLIENT DIRECT – SHOREVIEW, MN
WELLS FARGO BANK
1801 PARK VIEW DRIVE 1st FLOOR
SHOREVIEW, MN 55126-5030
MAC: N9160-010

BATCH COVER SHEET

For use only when overnighting multiple services

DATE SERVED: 8/2/2022

TO: Service of Process / Corporation Service Company

OVERNIGHT: Corporation Service Company
Attn: SOP / Wells Fargo
1201 Hays Street
Tallahassee, FL 32301-2699
800-927-9801

FROM: ___ Eileen Salmi
___ Praimchand Sukha

SENDER PHONE NO.: ___ 763-795-2423
___ 763-795-2443

STATE SERVED: Per Document

COMMENTS/NOTES:

Please read this section: The date on this cover sheet is the date that the Wells Fargo EIS Customer Support team received this service. CSC has a mandatory date served field and this date will be entered as we may not have the actual date served.

If a Wells Fargo enterprise mailroom receives an envelope that does not include a team members name, mac code, or the team has been displaced, the mail is sent to the EIS Customer Support team to open the envelope, review the document and route. When the mail is received at the many locations, the date received may or may not be added. The SOP team requested that all legal mail from the EIS Customer Support team be sent to CSC to upload to CSC Navigator/Matter Management and route.

This facsimile contains information which (a) may be LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) is intended only for the use of the Addressee(s). If you are not the Addressee, or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying or distributing this facsimile is prohibited. If you have received this facsimile in error, please email us so we may provide you with a mailing address to send the document back to us.

#16879667-v3                              02/25/2022

## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

Kristen Bryant,
    Plaintiff,

vs.    Civil Action No.: 22-C-245

Wells Fargo Bank, N.A.,
    Defendant.

/s/PAUL T. FARRELL

## SUMMONS

To the above-named DEFENDANT:    Wells Fargo Bank, N.A.
101 N Phillips Avenue
Sioux Falls, SD 57104

IN THE NAME OF THE STATE OF WEST VIRGINIA: you are hereby summoned and are required to serve upon **Megan A. Patrick, Plaintiff's attorney**, whose address is: **Klein & Sheridan, LC, 3566 Teays Valley Road, Hurricane, WV 25526**, an answer, including any related counterclaim, or any other claim you may have to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **thirty (30)** days after service of this summons upon you, exclusive of the date of service. If discovery is attached, you are further required to file a response to attached discovery within **forty-five (45)** of the service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim, or any other claim in the above-styled action.

DATED: JUL 18 2022, 2022

MICHAEL J. WOELFEL
Clerk of Court

IN THE CIRCUIT COURT OF __CABELL__ COUNTY, WEST VIRGINIA

**CIVIL CASE INFORMATION STATEMENT**
(Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

Case No. 22-C-245
Judge: /s/PAUL T. FARRELL

**Plaintiff(s)**
Kristen Bryant

Plaintiff's Phone:

vs.

**Defendant(s)**
Wells Fargo Bank, N.A.
Name
101 N Phillips Avenue
Street Address
Sioux Falls, SD 57104
City, State, Zip Code

Days to Answer: 30
Type of Service: Secretary of State

Defendant's Phone:

FILED 2022 JUL 14 2:36
MILEY CUTLIP CIRCUIT CLERK CABELL CO. WV

**II. TYPE OF CASE:**

- [✓] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [✓] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): ___/___

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [✓] No

**IF YES, PLEASE SPECIFY:**
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

Attorney Name: Megan A. Patrick
Firm: Klein & Sheridan, LC
Address: 3566 Teays Valley Rd., Hurricane, WV 25526
Telephone: 304-562-7111

Representing:
- [✓] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

[ ] Proceeding Without an Attorney

Original and __2__ copies of complaint enclosed/attached.
Dated: 7 / 14 / 2022   Signature: /s/ _____

SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)   Revision Date: 4/2020

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

Kristen Bryant,
    Plaintiff,

vs.                                                Civil Action No.: 22 C-245

Wells Fargo Bank, N.A.
    Defendant.                               /s/PAUL T. FARRELL

## COMPLAINT

1. The Plaintiff, Kristen Bryant, is a resident of Cabell County, West Virginia.

2. The Plaintiff is a person who falls under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

3. The Defendant, Wells Fargo Bank, N.A., is a corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

4. The Defendant is a debt collector as defined by *West Virginia Code* §46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-2-122(c) within the State of West Virginia, including Cabell County, West Virginia.

5. After the Plaintiff became in arrears upon the alleged indebtedness to the Defendant, upon the Plaintiff's account with Wells Fargo Bank, N.A., the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to the Plaintiff, by written communications, and did otherwise communicate with the Plaintiff to collect the alleged debt.

6. Thereafter, the Plaintiff sent written notification to the Defendant that she was represented by counsel. She did so by certified mail, return receipt requested.

1

7. The Defendant signed for the notice of attorney representation and was aware of the Plaintiff's counsel's phone number and address.

8. The Defendant continued to contact the Plaintiff regardless of its knowledge of the Plaintiff's retention of counsel.

9. The Defendant continued to cause telephone calls to be placed to the Plaintiff.

10. Upon information and believe, the Defendant maintains records of each call placed to the Plaintiff by date, time called, duration of call, the identity of the Defendant's employee and notes or codes placed upon such record by the Defendant's employee.

11. Such records will reflect that the Defendant placed telephone calls to the Plaintiff after it received written notification that the Plaintiff was represented by an attorney and was provided with the attorney's name and telephone number.

## COUNT I

### *VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

12. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

13. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

    a. using unfair or unconscionable means to collect a debt from the Plaintiff, in violation of *West Virginia Code* §46A-2-128(e), by communication with the Plaintiff after it was notified that the Plaintiff was represented by an attorney;

    b. engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff after the Plaintiff had requested the Defendant stop calling the Plaintiff,

in violation of *West Virginia Code* §46A-2-125;

c. causing Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff, in violation of *West Virginia Code* §46A-2-125(d);

14. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise was caused indignation and distress.

## COUNT II

### VIOLATION OF THE WEST VIRGINIA COMPUTER CRIMES AND ABUSE ACT

15. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

16. The Plaintiff is a "persons" as defined by *West Virginia Code* '61-3C-3(n) as Plaintiff is a "natural persons."

17. The Defendant, Wells Fargo Bank, N.A., is a "person" as defined by West Virginia Code §61-3C-3(n) as Defendant is a "limited partnership, trust association or corporation."

18. The Defendant, with the intent to harass, used an "electronic communication device" as defined by West Virginia Code §61-3C-14(a) to make contact with the Plaintiff after being requested by the Plaintiff to desist from contacting the Plaintiff, in violation of *West Virginia Code* §61-3C-14a(a)(2).

19. The Defendant's actions violated *West Virginia Consumer Credit and Protection Act* Chapter 46A, as described in Count I above, and therefore violate this statute as well.

20. The Plaintiff was injured as a result of the violations of the *West Virginia Computer Crimes and Abuse Act* as set forth above.

3

21. Plaintiff seeks compensatory damages for injuries provided by *West Virginia Code* §61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* §61-3C-16(a)(2).

22. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise caused indignation and distress.

## COUNT III

### *VIOLATION OF TELEPHONE HARASSMENT STATUTE*

23. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

24. The Defendant made or caused to be made telephone calls to the Plaintiff causing Plaintiff's telephone(s) to ring repeatedly and continuously with the intent to annoy and harass the Plaintiff, in violation of *West Virginia Code* §61-8-16(a)(3).

25. The Defendant's actions violated *West Virginia Consumer Credit and Protection Act* Chapter 46A, as described in Count I above, and therefore violate this statute as well.

26. The Plaintiff was injured by the Defendant's violation of *West Virginia Code* §61-8-16(a)(3). As Plaintiff was injured by the Defendant's violation of *West Virginia Code* §61-8-16(a)(3), the Plaintiff has a civil cause of action for damages the Plaintiff sustained by reason of said statutory violation pursuant to West Virginia Code §55-7-9 which so provides.

27. As a result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise caused indignation and distress.

## COUNT IV

### *COMMON LAW NEGLIGENCE*

28. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

29. The Defendant negligently failed to train, supervise, monitor, or otherwise control its employees to ensure that its employees did not violate the WVCCPA, as alleged in Count I.

30. As a result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise was caused indignation and distress.

## COUNT V

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

31. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

32. The following conduct of the Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

    a. The Defendant placed telephone calls to the Plaintiff after the Defendant knew that Plaintiff was represented by an attorney, in gross violation of the WVCCPA;

    b. The Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

    c. Insofar as the Defendant's violations of the WVCCPA are deemed to be willful, pursuant to *West Virginia Code* §46A-5-103(4) such conduct is, as a matter of

    law, criminal conduct punishable by fine and/or imprisonment;

  d. Insofar as the Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* §61-8-16(a)(3) punishable by fine and/or imprisonment;

  e. Insofar as the Defendant's conduct of engaging in telephone conversations with the Plaintiff undertaken with the intent to harass, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(a)(4) punishable by fine and/or imprisonment;

  f. Insofar as the Defendant's conduct constituted knowingly allowing a phone under the Defendant's control to be used to harass any person, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(b) punishable by fine and/or imprisonment.

33. As a result of the Defendant's actions, the Plaintiff has suffered emotional distress.

34. As a result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise was caused indignation and distress.

### COUNT VI

*COMMON LAW INVASION OF PRIVACY*

35. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

36. The Plaintiff has an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiff's home.

37. The acts of the Defendant in placing telephone calls to the Plaintiff's telephone number

invaded, damaged, and harmed the Plaintiff's right of privacy.

38. As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

39. As a result of the Defendant's action, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise was caused indignation and distress.

## DEMAND FOR RELIEF

The Plaintiff demands from the Defendant:

a. Actual damages for the violations of the WVCCPA, as authorized by *West Virginia Code* §46A-5-101(1), for all such violations that occurred up to the date and time of the filing of this complaint;

b. Statutory damages, in the maximum amount authorized by *West Virginia Code* §46A-5-101(1), as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106, for all such violations that occurred up to the date and time of the filing of this complaint;

c. The Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

d. The Plaintiff be awarded general damages for the Defendant's negligence as alleged in Count IV of the Complaint;

e. The Plaintiff be granted general damages and punitive damages for the Defendant's conduct alleged in Count II, III, IV, and V;

f. And, such other relief as the Court shall deem just and proper under the attendant

circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

                                          **KRISTEN BRYANT,**
                                          By Counsel,

BY: _/s/ Megan A. Patrick_
Benjamin Sheridan (WVSB #11296)
Megan A. Patrick (WVSB #12592)
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
T: (304) 562-7111
F: (304) 562-7115
E: mpatrick@kswvlaw.com
*Counsel for Plaintiff*

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0003 5272 24

WELLS FARGO BANK N.A.
101 N PHILLIPS AVENUE
SIOUX FALLS, SD 57104



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

**Control Number:** 295096
**Defendant:** WELLS FARGO BANK N.A.
101 N PHILLIPS AVENUE
SIOUX FALLS, SD 57104 US

**County:** Cabell
**Civil Action:** 22-C-245
**Certified Number:** 92148901125134100003527224
**Service Date:** 7/25/2022

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

US POSTAGE ᴾᴬᴾITNEY BOWES

ZIP 25305 $ 007.68
02 4W
0000377395 JUL. 26. 2022



